**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

Michael P Lasso,

                    Plaintiff,

v.

Michael J Astrue,

                    Defendant.

No. CV-12-02291-PHX-DGC

**ORDER**

Plaintiff has filed a motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  Doc. 25.  Defendant has filed a response. Doc. 26.  Plaintiff has replied.  Doc. 25.  For the reasons stated below, the Court will grant the motion.

**I.      Background.**

An administrative law judge ("ALJ") denied Plaintiff's application for social security benefits on July 22, 2011.  Doc. 1 at 1.  That decision became final when the Appeals Council denied review on August 27, 2012.  *Id*. at 2.  Plaintiff brought an action for judicial review in this Court pursuant to 42 U.S.C. § 405(g).  *Id*.  The Court ruled in favor of Plaintiff and remanded the case for further proceedings.  Doc. 21.  Plaintiff has now filed an application for attorney fees under the EAJA, requesting $6,931.63 in attorney's fees for 37.20 hours of work performed.  Doc. 25 at 1.

**II.     Legal Standard.**

28 U.S.C. § 2412(d)(1)(A) provides that "a court shall award to a prevailing party

1    other than the United States fees and other expenses . . . unless the court finds that the

2    position of the United States was substantially justified or that special circumstances

3    made an award unjust."  "An applicant for disability benefits becomes a prevailing party

4    for purposes of the EAJA if the denial of her benefits is reversed and remanded

5    regardless of whether disability benefits ultimately are awarded."  *Gutierrez v. Barnhart*,

6    274 F.3d 1255, 1257 (9th Cir. 2001).  In the Ninth Circuit, "attorneys' fees are to be

7    awarded to a party winning a sentence-four remand unless the commissioner shows that

8    his position with respect to the issue on which the district court based its remand was

9    substantially justified."  *Lewis v. Barnhart*, 281 F.3d 1081, 1083 (9th Cir. 2002) (internal

10   citations and quotations omitted).  The Supreme Court has stated that "a position can be

11   justified even though it is not correct, and we believe it can be substantially . . . justified

12   if a reasonable person could think it correct, that is, if it has a reasonable basis in law and

13   fact."  *Pierce v. Underwood*, 487 U.S. 552, 566 n.2 (1988).

14   **III.   Analysis.**

15        The ALJ rejected Plaintiff's claim because she found that Plaintiff could perform

16   some work, that he could work independently, and that he could adjust to other work than

17   that which he had previously been performing.  Doc. 21 at 3.  In making these findings,

18   the ALJ discredited the medical opinion of Dr. Eric Feldman, one of Plaintiff's treating

19   physicians.  On review, the Court found that the ALJ failed to articulate "a detailed and

20   thorough summary of the facts and conflicting clinical evidence" that supported her

21   decision to discredit Dr. Feldman's opinion.  *Id*. at 7.  The Court remanded the case for

22   further proceedings consistent with its order.  *Id*. at 17.

23        Defendant argues that Plaintiff should not be awarded attorney's fees because her

24   position was substantially justified.  Doc. 26 at 4-6.  The Court disagrees.  Defending

25   "basic and fundamental [procedural] errors" is not substantially justified.  *Shafer v.*

26   *Astrue*, 518 F.3d 1067, 1071-72 (9th Cir. 2008) (holding that the ALJ committed

27   fundamental error by discrediting Claimant's testimony without giving clear and

28   convincing reasons and that the Commissioner was not substantially justified in

defending it); *see also Jager v. Astrue*, 290 F.App'x 27, 28 (9th Cir. 2008).  "Where, as here, the ALJ's decision was reversed on the basis of procedural errors, the question is *not* whether [Defendant's] position as to the merits of [Plaintiff's] disability claim was substantially justified.  Rather, the relevant question is whether [Defendant's] decision to defend on appeal the procedural errors committed by the ALJ was substantially justified."  *Shafer*, 518 F.3d at 1071-72 (emphasis original).  A court should not need to speculate as to the reasons the ALJ rejected the claimant's allegations.  *Corbin v. Apfel*, 149 F.3d 1051, 1052 (9th Cir. 1998) (holding that the Commissioner was not substantially justified in defending an ALJ's decision where he rejected Claimant's testimony without specific findings).

The ALJ in this case did not give legally sufficient reasons for rejecting Dr. Feldman's opinion, and offered only the conclusory statement that the opinion was not supported by "the greater objective medical evidence of record."  The ALJ did not indicate whether or how specific findings failed to support Feldman's opinion.  Just as the Commissioner was not substantially justified in defending procedural errors in *Shafer*, Defendant was not substantially justified in defending this case.[1]

Plaintiff's counsel submitted an itemized statement showing 37.20 hours were worked.  Doc. 25-1 at 6-7.  Having reviewed counsel's statement and considered the fee award factors, *see Hensley v. Eckerhart*, 461 U.S. 424, 429-30 (1983), the Court finds the requested amount to be reasonable.

**IT IS ORDERED:**

1.      Plaintiff's application for attorney fees (Doc. 25) is **granted**.

---

[1] Defendant argues that the Court was primarily concerned with "articulation standards," and cites Seventh Circuit case law for the proposition that deficiencies in articulation alone generally do not warrant an award of attorney fees.  This argument is not persuasive.  Legal errors such as those committed by the ALJ here are procedural errors, and defense of such is not substantially justified under established Ninth Circuit precedent.

1     2.     Plaintiff is awarded **$6,931.63** in attorney's fees pursuant to Equal Access

2   to Justice Act, 28 U.S.C. § 2412.

3          Dated this 8th day of January, 2014.

4

5

6

7          _____
                          David G. Campbell
                    United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28