**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Michael P Lasso, | No. CV-12-02291-PHX-DGC |
| Plaintiff, | **ORDER** |
| v. | |
| Carolyn W. Colvin, Commissioner of the Social Security Administration, | |
| Defendant. | |

Plaintiff's counsel, Mr. Slepian, has filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b). Doc. 29. Defendant does not oppose the motion. Doc. 30. For the reasons stated below, the Court will grant the motion.

**I.   Background.**

On September 10, 2013 the Court ruled in favor of Plaintiff and remanded this case to Defendant for an award of benefits. Doc. 21. Plaintiff and his dependents were awarded $72,234.00 in past-due benefits. Doc. 29 at 2. Mr. Slepian filed a request for attorney's fees pursuant to EAJA, and the Court awarded $6,931.63. Doc. 28. Pursuant to the fee agreement, Mr. Slepian now moves for attorney's fees under 42 U.S.C. § 406(b), requesting $18,058.50 for 37.2 hours of work. Doc. 29 at 2-3.

**II.   Legal Standard.**

Section 406 provides:
Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the

claimant is entitled by reason of such judgment[.]

42 U.S.C. § 406(b)(1)(A).

In *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Supreme Court discussed the meaning of the term "reasonable fee" in § 406(b). The Court concluded that "§ 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." 535 U.S. at 807. "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* The Court noted that "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits." *Id.* The Court should begin with the fee due under the fee agreement, and then may "reduce the fee for substandard performance, delay, or benefits that are not in proportion to the time spent on the case." *Crawford v. Astrue*, 586 F.3d 1142, 1151 (9th Cir. 2009).

*Gisbrecht* also established that a claimant's attorney who has received fees under the EAJA and § 406(b) must refund to the claimant the smaller fee award. 535 U.S. at 796. This offset should be considered when determining whether a requested § 406(b) fee is reasonable. *Id.* at 797.

**III. Analysis.**

According to the fee agreement, Plaintiff's counsel is entitled to 25% of the total past-due benefits awarded. Doc. 29 at 5. That award equates to an hourly rate of $485.44 per hour ($18,058.50/37.2 hours).[1] Mr. Slepian has met his burden of proving that this is a reasonable fee in light of the services performed.

First, the fee is within the statutory maximum recovery of 25 percent of past-due benefits. *See Gisbrecht*, 535 U.S. at 807. Second, Mr. Slepian's representation yielded a very favorable result for Plaintiff. *See Crawford*, 586 F.3d at 1151. Plaintiff has recovered past-due benefits of $72,234.00 and will continue to receive benefits in the

---

[1] Because Mr. Slepian will be required to remit his $6,931.63 EAJA award to Plaintiff, that award is not included in calculating his effective hourly rate.

- 2 -

future. Doc. 29 at 10-11.  Third, there is nothing in the record to suggest that Mr. Slepian did anything to delay the proceeding to increase the past-due benefits.  *See Crawford*, 586 F.3d at 1151.  Fourth, courts have recognized that attorneys working under contingent fee agreements in Social Security cases should be permitted to recover a favorable hourly rate when they are successful to offset the losses they incur when they are not.  *See In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1299 (9th Cir. 1994).  Fifth, the fee requested is not disproportionate with the time spent on this case.  *Id.*  Mr. Slepian has spent several years on this case.  *See* Doc. 29 at 2-3.  Finally, the effective hourly rate is below rates that courts have found reasonable for this type of work.  *See Grunseich v. Barnhart*, 439 F. Supp. 2d 1032, 1035 (C.D. Cal. 2006) (awarding hourly rate of $600); *Yarnevic v. Apfel*, 359 F. Supp. 2d 1363,1365-67 (N.D. Ga. 2005) (awarding hourly rate of $643); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833-34 (S.D. W. Va. 2003) (awarding fee equivalent to $1,433 hourly rate); *Brown v. Barnhart*, 270 F. Supp. 2d 769, 772-73 (W.D. Va. 2003) (awarding fee equivalent to $977 hourly rate).

**IT IS ORDERED:**

1. Counsel's application for attorney's fees in the amount of $18,058.50 (Doc. 29) is **granted**.
2. Counsel is ordered to remit the EAJA fees of $6,931.63 to Plaintiff.

Dated this 20th day of October, 2015.

_____
David G. Campbell
United States District Judge